# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cr239

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)     <u>ORDER</u><br>ALLEN WAYNE POSTON )<br>)<br>_____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Withdraw Plea (Doc. No. 23) and the government's response (Doc. No. 24).

I.     PROCEDURAL HISTORY

The defendant consented to be charged by information to which he pled guilty on January 7, 2010. (Doc. No. 1: Information; Doc No. 2: Plea Agreement; Doc. No. 7: Waiver of Indictment; Doc. No. 9: Acceptance and Entry of Guilty Plea). The Information alleged a scheme to defraud people of money by inducing them through false statements to invest in supposedly pending litigation . (Doc. No. 1: Information at 1-2). According to the Plea Agreement, the loss amount was between $1,000,000 and $2,500,000. (Doc. No. 2: Plea Agreement at 2). At the Rule 11 hearing, the defendant answered questions under oath before a magistrate judge. (Doc. No. 21: Plea Hr'g Tr. at 9). The defendant responded affirmatively that he was not under the influence of any medicines or drugs and that his mind was clear. (Id. at 10). He affirmed that the understood the charges and their maximum penalties and that he had discussed the Information with his attorney. (Id.). The defendant told the court that he understood his guilty plea could not later be withdrawn, even if the sentence was more severe than he expected. (Id. at 10, 12). He admitted that he was, in fact, guilty of Count One of the

Information and that there was a factual basis for his plea. (Id. at 13, 15). The defendant affirmed that he understood the terms of his Plea Agreement, that no one threatened or forced him to plead guilty, and that he was satisfied with the services of his attorney. (Id. at 17-18). Accordingly, the magistrate judge accepted the plea upon finding that the defendant's plea was entered knowingly and voluntarily, with understanding of the charges, potential penalties, and consequences of the plea. (Id. at 20; Doc. No. 9: Entry and Acceptance of Guilty Plea at 5).

The Presentence Report was disclosed to the parties on May 20, 2010. (Doc. No. 12). The defendant filed objections to the report, seeking clarification of some factual details and credit for monies already repaid to certain victims. (Doc. No. 13). On June 22, 2010, the final Presentence Report was filed and the case was ripe for sentencing after July 1, 2010. (Doc. No. 14).

Before the case was scheduled for sentencing, counsel filed a Motion to Withdraw as Attorney on August 26, 2010. (Doc. No. 16). At a hearing on the motion on September 8, 2010, counsel informed a magistrate judge that the defendant had indicated that he wanted to withdraw his plea and that counsel was precluded from defending the case based on information in his file. (Doc. No. 22: Hr'g Tr. at 6). Counsel was allowed to withdraw from the case and new counsel was appointed. (Id. at 15). New counsel filed the instant Motion to Withdraw Guilty Plea on November 19, 2010. (Doc. No. 23).

II.     LEGAL DISCUSSION

In his motion, the defendant acknowledges his burden to show a "fair and just reason" for withdrawal, pursuant to Fed. R. Crim. P. 11(d). (Id. at 2). He claims that his plea was not voluntary because it resulted from "pressure to avoid negative consequences to his family;" that

2

he was under the influence of medication he was taking following a heart attack in November 2009; and that he is innocent. (Id.).

A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing, but rather bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(d)(2)(B); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Courts typically consider a variety of factors in determining whether a defendant has met his burden, including: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. Id.

It is well-settled that magistrate judges may conduct Rule 11 proceedings and accept guilty pleas with a defendant's consent. United States v. Benton, 523 F.3d 424, 431-33 (4th Cir. 2008). "[A]n appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding." United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996). Statements made by a defendant during the course of such a proceeding may not ordinarily be repudiated. Id. at 1308. In fact, a strong presumption of veracity attaches to a defendant's declarations made in open court. United States v. Morrow, 914 F.2d 608, 614 (4th Cir. 1990).

Here, the defendant told the magistrate judge that no one had pressured him to plead guilty. Now he states that his plea was the result of pressure to avoid negative consequences to his family. The defendant provides no detail of what those negative consequences were and fails to establish that they were strong enough to overcome his capacity to decide for himself whether

to plead guilty or not. Next, the defendant told the magistrate judge that his mind was clear and that he was not under the influence of any medicine or drug. In his motion, he does not identify what drug he was taking and what effect it had on his mind. Finally, the Information listed specific details of the fraud and the defendant repeatedly admitted his guilt before the magistrate judge. He provides no explanation about why he "now adamantly asserts his innocence," but only after the Presentence Report was prepared and the case ready for sentencing. Accordingly, the defendant has failed to overcome the presumption of veracity attached to his statements made in open court.

Based on its review of the record, the Court finds that the defendant has not offered credible evidence that his plea was not voluntary nor of his legal innocence. There was significant delay, nine months between the entry of the defendant's plea and the first mention of his intention to seek withdrawal of his plea. There is no allegation that the defendant did not have the close assistance of competent counsel. The dates alleged in the Information span from September 2004 to November 2009. While there is no direct proof of actual prejudice to the government, the Court recognizes the potential prejudice to the government if the defendant were allowed to withdraw his plea and the case were set for trial in 2011 after such a delay. Additionally, the court system has a strong interest in judicial economy. <u>Wilson</u>, 81 F.3d at 1306. Significant resources have already been expended on the defendant's case and more would be wasted if the case went to trial considering the absence of a credible assertion of innocence. Thus, all the factors recognized by the Fourth Circuit in <u>Moore</u> weigh against the defendant's request to withdraw his plea.

III.  CONCLUSION

The Court further finds that the defendant has failed to establish a fair and just reason to justify withdrawal of his guilty plea.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Withdraw Plea is **DENIED**.

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge